IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JOSEPH H. TEALE,

    Petitioner,

v.                                                 CASE NO. 4:13-cv-679-WS-GRJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondents.

_____/

## REPORT AND RECOMMENDATION

    Petitioner initiated this case by filing Doc. 1, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent filed a motion to dismiss the Petition as successive, Doc. 10, because Petitioner challenged the same underlying state conviction in a previous federal habeas petition that was denied on the merits. *See Teale v. Singletary*, Case No. 4:92-cv-40246-WS-WCS, Docs. 24, 51, 57 (2/28/1994 order denying petition on the merits, 8/3/1994 order denying certificate of probable cause, 10/20/1994 11th Cir. mandate dismissing appeal for lack of jurisdiction). On September 24, 2003, the Eleventh Circuit denied Petitioner permission to file a successive habeas petition. (Doc. 10, Exh. C; *see also* Case No. 4:92-cv-40246-WS-WCS, Doc. 37.)

    In order to file a second or successive § 2254 petition, the Petitioner must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A); Rule 9, Rules Governing Section 2254 Cases in the United States District Courts. Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Farris v. United States*, 333 F.3d 1211,

1216 (11th Cir.2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

There is nothing in the record that reflects that Petitioner has been granted leave by the Eleventh Circuit to file a second or successive habeas corpus petition, and thus this Court lacks the authority to entertain Petitioner's claim.  Petitioner relies on *Martinez v. Ryan,* 132 S. Ct. 1309 (2012) to excuse his untimeliness, but nothing in *Martinez* provides a basis to excuse Petitioner from obtaining permission to file a successive habeas petition.  *See, e.g., Chavez v. Secretary, Florida Dept. of Corrections,* 742 F.3d 940, 946 (11th Cir. 2014) (quoting *Buenrostro v. U.S.,* 697 F. 3d 1137, 1139 (9th Cir. 2012): "*Martinez* cannot form the basis for an application for a second or successive [habeas proceeding] because it did not announce a new rule of constitutional law.').

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 10, be **GRANTED,** and that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 1, be **DISMISSED** without prejudice.

**IN CHAMBERS** this 24th day of March 2014.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 4:13-cv-679-WS-GRJ*